UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,         CR 02-487-HA
                                                       CV 05-261-HA

       v.

                                                      ORDER
VELVET DOYLE SANDERS,

       Defendant/Petitioner.
_____

HAGGERTY, Chief Judge:

      On February 24, 2005, defendant filed the pending Motion to Vacate, Set Aside, or

Correct Sentence (CV 05-261, Doc. #1). For the following reasons, this motion is denied.

1 - ORDER

## RELEVANT FACTUAL BACKGROUND

On November 21, 2003, defendant pled guilty to an indictment charging her with bank robbery in violation of 18 U.S.C. § 2113(a). Pursuant to the plea agreement, the government indicated that it believed the base offense level to be 20, that a two-level specific offense characteristic applied because the crime occurred against a financial institution, and that an additional three-level specific offense characteristic applied because defendant brandished a dangerous weapon, pepper spray, during the course of the robbery. The government agreed to recommend a sentence at the low end of the guideline range based upon a total offense level of 22, the applicable level after a three-level reduction for acceptance of responsibility.

Defendant was sentenced on February 23, 2004. At the hearing, defense counsel objected to the proposed increase for use of a dangerous weapon, arguing that, under the circumstances, the can of pepper spray did not qualify as a dangerous weapon. The court disagreed, finding that defendant's pointing a can of pepper spray at the bank teller and threatening to use it supported the three-level increase under U.S.S.G. § 2B3.1(b)(2)(E). The court sentenced defendant to the low end of the guideline range and imposed a sentence of forty-one months imprisonment followed by a three-year term of supervised release.

## DISCUSSION

Defendant filed the present § 2255 motion based on her reading of *United States v. Booker/Fanfan*, 125 S.Ct. 738 (2005). Defendant argues that the three-level increase for brandishing a dangerous weapon was not proved beyond a reasonable doubt, and therefore, constituted ineffective assistance of counsel. Defendant further argues that her counsel's

assistance was ineffective based upon her execution of the plea agreement that included a waiver of appeal.

In *Blakely v. Washington*, 124 S.Ct. 2531 (2004), the Supreme Court addressed the question of whether Washington State's sentencing guidelines – modeled after the federal sentencing guidelines – violated the Sixth Amendment's guarantee of trial by jury in criminal cases because the guidelines allowed judges, rather than juries, to make certain findings of fact that increased an offender's sentence.

*Blakely* reiterated the rule first announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. In *Blakely*, the Court held that the relevant "statutory maximum" for *Apprendi* purposes is generally the sentencing guideline maximum. 124 S.Ct. at 2537. Accordingly, the Court held that Washington State's guidelines were unconstitutional because "a judge may impose [a sentence] *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Id.* (emphasis in original). In other words, judicial factfinding cannot form any part of the basis for the imposition of a criminal sentence within a mandatory sentencing guidelines system.

This interpretation of *Apprendi* announced a new rule that was neither compelled by existing precedent nor apparent to all reasonable jurists. *Morris v. United States*, 333 F. Supp. 2d 759, 770 (C.D. Ill. 2004). "In fact, before *Blakely* was decided, every federal court of appeals had held that *Apprendi* did not apply to guideline calculations made within the

statutory maximum." *Simpson v. United States*, 376 F.3d 679, 681 (7th Cir. 2004) (citations omitted); *see also United States v. Alvarez,* 358 F.3d 1194, 1211-12 (9th Cir. 2004).

More recently, in *Booker*, the Court reaffirmed its holding in *Apprendi* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 125 S.Ct. at 756. In its second holding, the Court held that the federal sentencing guidelines need not be discarded entirely and are now advisory. *Id.* at 757. Thus, the only laws constraining the sentence a judge may impose are the laws setting down statutory maximums and minimums for a particular offense.

Here, defendant was sentenced in February 2004. Thus, neither *Blakely* nor *Booker* assist defendant because the rules they pronounce do not apply retroactively, and it is undisputed that defendant's sentence became final before *Blakely* or *Booker* were decided. *See id.* at 745 (the Court's holding is to be applied only to cases on direct review); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005) (recognizing that *Booker* does not apply retroactively to § 2255 motions where the judgment was final as of January 12, 2005, the date *Booker* issued); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 968 (11th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Defendant also asserts that she received no benefit from the plea agreement or waiver and that her attorney deprived her of her Sixth Amendment right to counsel by negotiating away her appeal rights. However, in exchange for defendant's waiver, the government agreed to recommend a sentence at the low end of the range after a three-level

reduction for acceptance of responsibility. The government also did not condition the plea on defendant's agreement to the base offense level or specific offense characteristics, and permitted defendant to seek departure from the guidelines. Accordingly, defendant received sufficient consideration for her agreement to waive appeal.

To succeed on a claim for ineffective assistance of counsel, the defendant must prove that her counsel's performance was deficient and that she was actually prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient performance, the defendant must show that the counsel's errors were so serious that the counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* To show actual prejudice, the defendant must show that the counsel's errors were so grave as to deprive the defendant of a fair proceeding. *Id.* These standards are "rigorous" and "highly demanding," and require a showing of "gross incompetence" on the part of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 381-82 (1986).

There exists a strong presumption that counsel's performance falls within the "wide range of professional assistance . . . ." *Strickland*, 466 U.S. at 689. The defendant bears the burden of proving that counsel's representation was unreasonable under the prevailing professional norms. *Id.* The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and viewed in light of all the surrounding circumstances. *Id.* The standard of review is highly deferential. *Id.* Additionally, the defendant must show that actual prejudice resulted, and that but for counsel's error, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 694.

Here, defendant has presented no evidence that her counsel committed errors so serious as to deprive her of her Sixth Amendment right to counsel. Similarly, defendant has failed to show that any alleged error was so serious as to deprive her of a fair proceeding. As noted previously, defense counsel could not have foreseen the holdings in either *Blakely* or *Booker*, neither of which was decided at the time of defendant's sentencing. In addition, defendant's waiver of appeal was a tactical decision used to gain benefits at sentencing, and was well within the bounds of reasonable advocacy.

## **CONCLUSION**

For the foregoing reasons, defendant's Motion to Vacate, Set Aside, or Correct Sentence (CV 05-261, Doc. #1) is DENIED.

IT IS SO ORDERED.

DATED this __1__ day of August, 2005.

                                          ___/s/Ancer L.Haggerty _____
                                                            Ancer L. Haggerty
                                               United States District Judge